People v Hutson (2026 NY Slip Op 01855)

People v Hutson

2026 NY Slip Op 01855

Decided on March 26, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 26, 2026

Before: Manzanet-Daniels, J.P., Scarpulla, Kapnick, Higgitt, Rosado, JJ. 

Ind. No. 73288/22|Appeal No. 6228|Case No. 2024-03699|

[*1]The People of the State of New York, Respondent,
vCrystal Hutson, Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Laura M. McFeely of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Amanda Katherine Regan of counsel), for respondent.

Judgment, Supreme Court, New York County (Althea E. Drysdale, J.), rendered April 30, 2024, as amended July 23, 2024, and September 18, 2024, convicting defendant, upon her plea of guilty, of assault in the second degree, and sentencing her to a jail term of one day followed by five years of probation, unanimously modified, on the law, to the extent of striking the condition of probation requiring defendant to pay the mandatory surcharge and fees, and striking the condition of probation prohibiting her "from wearing or displaying gang paraphernalia" and "having any association with a gang or members of a gang if directed by the Department of Probation," and otherwise affirmed.
Defendant validly waived her right to appeal (see People v Thomas, 34 NY3d 545 [2019], cert denied 589 US 1302 [2020]). The court's colloquy closely tracked the model colloquy (see People v Yizar, 240 AD3d 416, 416 [1st Dept 2025], lv denied 44 NY3d 985 [2025]), including its explanation that defendant's conviction and sentence would "normally be final" due to the appeal waiver (see Thomas, 34 NY3d at 567). The court properly explained defendant's right to counsel on appeal and did not imply that by waiving her right to appeal, she would forfeit her right to appellate counsel for claims that survived the waiver (see e.g. People v Monserrate, 245 AD3d 530, 531 [1st Dept 2026]; People v Santiago, 242 AD3d 519, 520 [1st Dept 2025]). The waiver forecloses review of her excessive sentence claim (see People v Johnson, 234 AD3d 503, 504 [1st Dept 2025], lv denied 43 NY3d 1009 [2025]). In any event, we perceive no basis for reducing the sentence.
Defendant's claims that probation conditions 7 and 25 are unconstitutional are unpreserved (see People v Lowndes, 239 AD3d 574, 575 [1st Dept 2025], lv denied 44 NY3d 1012 [2025]), and we decline to review them in the interest of justice.
Defendant's statutory challenges to probation conditions 7, 10, 25, and 28 under Penal Law § 65.10(1) survive her valid waiver of her right to appeal and do not require preservation (see People v Sanders, 244 AD3d 601, 601 [1st Dept 2025]). However, the court providently deemed condition 7 requiring defendant to "[a]void injurious or vicious habits; refrain from frequenting unlawful or disreputable places; and . . . not consort with disreputable people" as "reasonably necessary to [e]nsure that the defendant will lead a law-abiding life or to assist him to do so," given defendant's decade-long history of drug use and the nature of her conduct in the underlying offense, where she stabbed the victim with a weapon during a street fight (Penal Law § 65.10[1], [2]; see Lowndes, 239 AD3d at 575).
We also find that condition 28, requiring defendant to consent to warrantless searches by a probation officer of her person, vehicle, and home for weapons and drugs, was providently imposed given that she "was armed with a sharp object when [s]he committed this violent offense" (People v Rivera, 239 AD3d 521, 522 [1st Dept 2025], lv denied 44 NY3d 1029 [2025]; see Johnson, 234 AD3d at 504) and "was assessed by the Department of Probation as being in need of substance abuse treatment" (People v Velardo, 228 AD3d 520, 521 [1st Dept 2024], lv denied 42 NY3d 930 [2024]).
However, conditions 10 and 25 of defendant's probation must be stricken. With regard to condition 10, the requirement that defendant pay the $375 in surcharge and fees imposed at sentencing as a condition of her probation will not, under the circumstances, "assist in ensuring [s]he leads a law-abiding life and is not reasonably related to h[er] rehabilitation," given that she is indigent, unemployed, reliant on public assistance, homeless, and has no prior criminal convictions (People v Percy, 234 AD3d 619, 620 [1st Dept 2025]).
We find that probation condition 25, requiring defendant to "[r]efrain from wearing or displaying gang paraphernalia and having any association with a gang or members of a gang if directed by the Department of Probation," is not reasonably related to defendant's rehabilitation. Defendant denied having any gang affiliation, and there is no evidence that the offense was connected to gang activity or that she had a history of gang membership (see e.g. People v Vasquetelles, 241 AD3d 1208, 1209 [1st Dept 2025], lv denied 44 NY3d 1054 [2025]; People v Sanders, 244 AD3d at 602). We
note that the People do not oppose defendant's requests to strike probation conditions 10 and 25.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 26, 2026